IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DERRICK HARDY**                                                                                                           **PLAINTIFF**

vs.                                                               CIVIL ACTION NO. __2:23-cv-111-TBM-RPM__

**NATIONAL RENT TO OWN, INC.**
**D/B/A NATIONAL SALES AND LEASE;**
**LIBERTY MUTUAL INSURANCE COMPANY;**
**OHIO SECURITY INSURANCE COMPANY;**
**JOHN DOES 1-10; AND, XYZ CORPORATIONS 1-10**                              **DEFENDANTS**

## NOTICE OF REMOVAL

Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Ohio Security Insurance Company ("Ohio Security"), hereinafter jointly referred to as "Defendants," hereby file their Notice of Removal, removing this action from the Circuit Court of Forrest County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division.  In support thereof, Defendants state as follows:

1. This is a civil action which arose out of the alleged bad faith delay and/or denial of the Plaintiff's claim for certain workers compensation medical and indemnity benefits.

2. The Plaintiff filed this action against the Defendants in the Circuit Court of Forrest County, Mississippi, being civil action no. 23-cv-101 on the Court's docket. The Plaintiff served both Liberty Mutual and Ohio Security with process on July 7, 2023, and this case first became removable to this Court at that time. **(See Exhibits A and B attached hereto.)**

3. This cause now pending against the Defendants is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in his Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant

under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. More specifically, the Plaintiff alleges:

> As a result of the intentional, deliberate, reckless, grossly negligent, and wrongful actions of the Defendants as aforesaid, the Plaintiff was caused to suffer damages, including delay and loss of benefits and coverage under the policy in question. Defendants are liable to the Plaintiff for all of said actual damages to include loss of access to indemnity benefits, financial loss, extreme financial distress, loss of access to visitation with his minor son, temporary and permanent medical impairment and occupational disability resulting from delays and denials of compensable, reasonable and necessary medical treatment, as well as all attorney's fees, expenses and costs herein incurred and those incurred for proceedings before the Mississippi Workers' Compensation Commission.

**(See Exhibit A, ¶43)** The Plaintiff further alleges:

> Plaintiff has suffered financial loss, past, present and future pain, suffering and injury, cognizable mental injury, anxiety, worry, mental and emotional distress, and other incidental damage, all to his general damage, for which Plaintiff is entitled to recover substantial compensatory damages. In addition, the actions of the Defendants as aforesaid, constitute fraud, fraudulent misrepresentation, fraudulent inducement, and wrongful denial and/or delay of benefits under the contract of insurance without a legitimate arguable basis, and fraudulent concealment rendering the Defendants liable to the Plaintiff for both actual and punitive damages.

**(See Exhibit A, ¶44)** Although the Complaint carefully avoids alleging any dollar figures, it is clear from the nature of the Plaintiff's allegations that his claim exceeds $75,000.00, exclusive of interest and costs, particularly when the Plaintiff's claim for actual damages is coupled with his alleged bad faith claim for punitive and other extra-contractual damages, including attorneys' fees and damages for emotional distress. *See Allstate Ins. Co. v. Simpson,* 2018 WL 4054331, at *4 (S.D. Miss. August 24, 2018)(J. Ozerden)(" An award of punitive damages in a "single digit ratio" to the $14,495.61 in compensatory damages could easily exceed $75,000.00"), citing *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016)(J. Bramlette)(holding that the requisite $75,000.00 jurisdictional amount compared to a potential

2

$13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court suggests complies with due process)(citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *White v. Allstate Ins. Co.*, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018)(J. Ozerden)(finding defendant met its burden of demonstrating jurisdictional amount in controversy because "[a]n award of [punitive] damages in a 'single digit ratio' to the requested $25,000.00 in compensatory damages could easily exceed the $75,000.00 jurisdictional minimum"); *Steilberg v. Bradley,* 2016 WL 1455454 (S.D. Miss. April 12, 2016)("undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000")(quoting *Holmes v Citifancial Mortg. Co.*, 436 F.Supp.2d 829,832 (S.D. Miss. Mar. 29, 2011); *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. March 29, 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. Dec. 2, 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); *Easterling v. Glaxo Welcome, Inc.*, 2006 WL 1272680, at *3 (S.D. Miss. May 9, 2006)(J. Lee)(same); *Brasell v. UnumProvident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001)(J. Davidson)(citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993)); *Chambley v. Employers Ins. of Wausau*, 11 F. Supp.2d 693, 695 (S.D. Miss. 1998)(J. Barbour)("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.")(citing *Bell v Preferred Life Assurance*

*Society*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943). Applying a single digit 9:1 ratio to actual damages of $8,334.00 results in a total actual and punitive damage claim of $75,006.00. The Plaintiff's unspecified claim of actual damages against Defendants clearly equals or exceeds $8,334.00. Therefore, the Plaintiff's total claim of actual and punitive damages exceeds $75,000.00, exclusive of interest and costs, and satisfies the amount in controversy requirement for diversity jurisdiction.

    4.    This action involves a controversy between citizens of different states:

    a.    <u>Plaintiff</u>: Derrick Hardy is a citizen of the state of Mississippi.

    b.    <u>Removing Defendants</u>: Liberty Mutual Insurance Company is a corporation created and existing under the laws of the state of Massachusetts and having its principal place of business in Boston, Massachusetts. The Ohio Security Insurance Company is a corporation created and existing under the laws of the state of New Hampshire and having its principal place of business in Boston, Massachusetts.

    c.    <u>Remaining Named Defendant</u>: National Rent to Own, Inc. ("National") is a Mississippi corporation with its principal place of business in the State of Mississippi. However, its presence does not defeat diversity jurisdiction because it has been fraudulently or improperly joined as a Defendant for the purpose of destroying diversity jurisdiction. In support thereof, Defendants would show:

    (1)    The claims alleged in the Plaintiff's Complaint relate to the alleged wrongful delay and/or denial of the Plaintiff's claim for certain workers' compensation benefits. National was the Plaintiff's employer. National insured the payment of all workers' compensation benefits that the Plaintiff may be entitled to receive in accordance with the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-75 and §71-3-

77, by purchasing workers' compensation insurance from Ohio Security, a carrier authorized to provide such coverage in Mississippi. The Plaintiff admits as much in its Complaint. **(See Complaint, pg. 2, ¶9 - Exhibits A and B)** National's workers' compensation policy was issued by Defendant Ohio Security. At the times relevant to this action, Ohio Security was responsible for administering the Plaintiff's claim for workers' compensation benefits. As a matter of law, National has no liability to the Plaintiff for the claims alleged in the Complaint.

(2)     The allegations of the Complaint against National do not meet the minimum requirements for stating a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2009) and their progeny and cannot survive a Rule 12(b)(6) motion. The Complaint is devoid of "enough facts to state a claim to relief [from National] that is plausible on its face," as required by *Twombly,* 550 U.S. at 547.

(3)     In an effort to state a claim against National, the Complaint employs the terminology of the Mississippi Workers Compensation Commission ("MWCC") by repeatedly referring to actions taken in the MWCC as those of the "employer and carrier." An insured employer and its carrier are routinely referred to as the "employer and carrier" in a MWCC proceeding, although, as with Hardy's claim, the carrier is responsible for retaining counsel and defending the claim. As a matter of law, the actions of National's carrier in the administration and defense of Hardy's workers' compensation claim are not imputed to National. Therefore, the Plaintiff's references to the actions or inactions of the "employer and carrier" in the MWCC are not sufficient to impose any liability on National.

(4)     The Plaintiff's allegation that National "played a significant or active role in the subject failure to provide and/or denial of indemnity benefits to the Plaintiff by refusing to restore the Plaintiff to employment at light duty" is false. National did not have light duty employment available and had no obligation to create a light duty position for Hardy.

(5)     The Plaintiff's allegation that National "provided inaccurate wage information and/or no wage records to the carrier" is false. The issues relating to Hardy's average weekly wage were due to the fact that he had been employed by National for less than two months at the time he was injured. National cooperated with Ohio Security and provided Ohio Security with the wage information it had available so that Ohio Security could make the appropriate wage calculation.

(6)     In short, the Complaint does not allege sufficient facts to show that National breached any legal duty owed to Hardy under Mississippi law. There is no arguably reasonable basis for predicting that state law, in this case Mississippi law, might impose liability on National. Therefore, it has been fraudulently or improperly joined as a defendant. National is not a defendant whose presence destroys diversity jurisdiction, and it should be dismissed.

d.     <u>John Doe Defendants</u>: Pursuant to 28 U.S.C. § 1441 (b)(1), the fictitious defendants named in the Complaint as "John Does 1-10" and "XYZ Corporations 1-10" are disregarded for removal purposes.

e.     Since there is complete diversity between the Plaintiff and the properly joined Defendants, Liberty Mutual and Ohio Security, the Court has diversity jurisdiction of the Plaintiff's claims against Defendants.

  f. Diversity of citizenship existed between the Plaintiff and Defendants at the time this case was commenced by the Plaintiff, at the time of service of process on Defendants, and at the time of removal.

  5. Since National has been fraudulently or improperly joined as a defendant, it is not required to join in or consent to the removal of this action.

  6. The civil action filed by the Plaintiff in the Circuit Court of Forrest County, Mississippi is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §1441.

  7. The United States District Court for the Southern District of Mississippi and the Eastern Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

  8. This Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b) within thirty days of the date the Complaint was served on Defendants. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A and Exhibit B** is a true and correct copy of all process, pleadings, and orders served on Defendants from which it may be determined that this case is one which is removable to this Court in full compliance with the laws of the United States. Pursuant to L.U.Civ.R. 5(b), attached hereto as **Exhibit C** is a true, correct, and complete copy of the entire state court file as of the date of this filing.

  9. Defendants will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Forrest County, Mississippi, as required by 28 U.S.C. §1446(e).

WHEREFORE, Defendants Liberty Mutual Insurance Company and Ohio Security Insurance Company request this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Forrest County, Mississippi be hereby stayed.

This the 6th day of August 2023.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
and OHIO SECURITY INSURANCE COMPANY

By:  */s/ Ford Bailey*
Clifford K. (Ford) Bailey, III (MSB #1686)
One of Their Attorneys

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
fbailey@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Clifford K. (Ford) Bailey, III, do hereby certify that this Notice of Removal is being served on the following:

Crymes M. Pittman, Esq.                                     *via MEC and ECF*
C. Victor Welsh, III, Esq.
PITTMAN, ROBERTS & WELSH, PLLC
410 S. President Street (39201)
P.O. Box 22985
Jackson, MS 39225-2985
cmp@prwlaw.com
cvw@prwlaw.com

   ATTORNEYS FOR PLAINTIFF

Ms. Gwen Wilks                                              *via MEC*
Circuit Clerk of Forrest County
P.O. Box 992
Hattiesburg, MS 39403

CIRCUIT CLERK OF FORREST COUNTY, MISSISSIPPI

This the 6th day of August 2023.

                                                    */s/ Ford Bailey*
                                                    Ford Bailey